**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO.  1:16-CV-105-DCK**

| | |
|---|---|
| DONNA K. SHOOK, | ) |
| | ) |
| **Plaintiff,** | ) |
| | )    <u>**ORDER**</u> |
| **v.** | ) |
| | ) |
| NANCY A. BERRYHILL, | ) |
| **Acting Commissioner of Social Security,[1]** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 12) and "Defendant's Motion For Summary Judgment" (Document No. 14).  The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition.  After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will direct that Plaintiff's "Motion For Summary Judgment" be <u>denied</u>;  that "Defendant's Motion For Summary Judgment" be <u>denied</u>;  and that the Commissioner's decision be <u>vacated</u> and this matter be <u>remanded</u> for further consideration.

### I.     BACKGROUND

Plaintiff Donna K. Shook ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits.  (Document No. 1).

---

[1]  Nancy A. Berryhill became Acting Commissioner of Social Security on January 23, 2017.  The Clerk is directed to substitute Nancy A. Berryhill for Carolyn Colvin as Defendant in this matter.  <u>See</u> Fed. R. Civ. P. 25(d);  <u>see also</u> 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

On November 10, 2010, Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning August 15, 2008.[2] (Transcript of the Record of Proceedings ("Tr.") 83, 152, 859). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on May 6, 2011, and again after reconsideration on January 30, 2012. (Tr. 83, 194-199, 203-210, 859). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> On your application you stated that you are disabled because of Mental illness; back trouble, anxiety.
> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.
> We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 203, 211).

Plaintiff filed a timely written request for a hearing on February 16, 2012. (Tr. 83, 221, 859). On April 12, 2013, Plaintiff appeared and testified at a hearing in Asheville, North Carolina, before Administrative Law Judge John L. McFadyen (the "ALJ"). (Tr. 83, 104-127, 859). In addition, Dr. Charlie A. Edwards, a vocational expert ("VE"), and Leah Broker, Plaintiff's attorney, appeared at the hearing. Id.

---

[2] On or about April 9, 2013, Plaintiff amended, or attempted to amend, her alleged disability onset date to **November 21, 2010**; however, neither the ALJ nor the parties appear to have acknowledged this notice. (Tr. 267); see also, (Tr. 83, 859, Document No. 13, p.3; Document No. 5, p.2).

The ALJ issued an unfavorable decision on May 1, 2013, denying Plaintiff's claim. (Tr. 80-82, 83-95). On July 1, 2013, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on September 4, 2014. (Tr. 1-4, 79). The May 1, 2013 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff then filed a Complaint in this Court on October 30, 2014. (Tr. 933-934); see also, Shook v. Colvin, 1:14-CV-287-MR-DLH (Document No. 1) (W.D.N.C. Oct. 30, 2014). "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" was filed on April 20, 2015. The memorandum argued that: (1) the ALJ erred by failing to mention and weigh a related Medicaid decision; and (2) "the ALJ's decision must be overturned because he did not translate admitted limitations in concentration, persistence and pace at Step 2 into restrictions in the RFC as required by *Mascio*." (1:14-CV-287-MR-DLH, Document No. 12)

On July 8, 2015, the Honorable Martin Reidinger issued an "Order Of Remand" granting the parties' "Consent Motion For Reversal And Remand Pursuant To Sentence Four Of 42 U.S.C. § 405(g)." (Tr. 937-940). Judge Reidinger, adopting language directly from the parties' "Consent Motion…," ordered:

> On remand, the Commissioner will further evaluate the severity of the claimant's impairments; further evaluate the medical opinions of record and the claimant's residual functional capacity; further evaluate the claimant's ability to perform other work that exists in significant numbers in the national economy; evaluate the findings of the Medicaid determination of the North Carolina Department of Health and Human Services; and if necessary, obtain supplemental vocational expert evidence.

(Tr. 937-938).

On July 31, 2015, the Appeals Council issued its "Notice Of Order Of Appeals Council Remanding Case To Administrative Law Judge" (Tr. 942-946) with specific instructions for the

ALJ.  The Appeals Council noted that Plaintiff had filed subsequent claims for benefits on September 22, 2014, and directed that those claims would be considered duplicate and consolidated with the existing claims on remand.  (Tr. 860, 946).

ALJ McFadyen held a second hearing on December 22, 2015.  (Tr. 859, 887-905).  ).  In addition to Donna Shook, Kathleen Robbins, a vocational expert ("VE"), and Leah Broker, Plaintiff's attorney, appeared at the hearing.  Id.  On February 16, 2016, the ALJ again issued an unfavorable decision.  (Tr. 856-877).

Plaintiff then filed a new Complaint (Document No. 1) with this Court on April 19, 2016.  See (Document No. 13, p.3).  Plaintiff contends that the ALJ's most recent decision is not supported by substantial evidence and applies an erroneous standard of law.  (Document No. 1).  Plaintiff seeks an order allowing for a period of disability and disability insurance benefits to be allowed;  or in the alternative, that the Court remand this case for another hearing.  Id.

On May 2, 2016, the undersigned was assigned to this case as the referral Magistrate Judge.  The parties then filed a "Joint Stipulation Of Consent To Jurisdiction By US Magistrate Judge" on July 19, 2016.  (Document No. 9).  This case was thus reassigned to Magistrate Judge David Keesler as the presiding judge on July 19, 2016.

Plaintiff's "Motion For Summary Judgment" (Document No. 12) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 13) were filed October 1, 2016;  and "Defendant's Motion For Summary Judgment" (Document No. 14) and the "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 15) were filed December 5, 2016.  Plaintiff filed its "Response To Defendant's Memorandum In Support Of Motion For Summary Judgment" (Document No. 16) on December 14, 2016.  As such, the pending motions are now ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to:  (1) whether substantial evidence supports the Commissioner's decision;  and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971);  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence.  Hays, 907 F.2d at 1456 (4th Cir. 1990);  see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986);  Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012).  "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence.  Hays, 907 F.2d at 1456;  King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations.");  Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.").  Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome.  Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III.    DISCUSSION

The question addressed by the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between August 15, 2008, and the date of his decision.[3]  (Tr. 877).  To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled.  20 C.F.R. § 404.1520(a).  The five steps are:

(1)      whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2)      whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3)      whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4)      whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled;  and

(5)      whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

---

[3]  Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 876).

First, the ALJ determined that although Plaintiff had worked after the alleged disability onset date, she had not engaged in substantial gainful activity since August 15, 2008. (Tr. 862). At the second step, the ALJ found that Plaintiff had "the following severe impairments: a back disorder; depression; anxiety; bipolar disorder; and post-traumatic stress disorder."[4] (Tr. 862). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 862-864).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work, with the following limitations:

> no work with the public[,] working with things rather than people,
> meaning claimant could function in a job with the least amount of
> co-workers possible; no more than occasional contact with co-
> workers or supervisors; and simple, repetitive, routine work.

(Tr. 864). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

---

[4] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

At the fourth step, the ALJ held that Plaintiff could not perform her past relevant work as a housecleaner, stocker, waitress, or cashier. (Tr. 876). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (Tr. 876-877). The VE testified that Plaintiff would be able to perform the requirements of a maid/building cleaner, a marker in retail, and a photocopier. (Tr. 877). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between August 15, 2008, and the date of his latest decision, February 16, 2016. (Tr. 877).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ decision violates Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015); and (2) the ALJ erred by failing to comply with the Court's remand order and fully evaluate underlying medical opinions. (Document No. 13, pp.4-7).

A.    **Applicability of Mascio**

First, Plaintiff asserts that the ALJ's second decision acknowledges that Plaintiff's "mental impairments resulted in both moderate limitations in social functioning and moderate limitations in CPP, but in the RFC he only included social limitations (no more than occasional contact with co-workers and supervisors) and a limitation to 'simple, repetitive, routine work.'" (Document No. 13, p.4) (citing Tr. 864). Plaintiff notes that the Fourth Circuit has found that a limitation to simple, routine tasks, or unskilled work does not account for limitations in concentration, persistence, and pace. Id. (quoting Mascio, 780 F.3d at 638).

Plaintiff contends the RFC addressed her limitations in understanding a task, not in staying on task.  (Document No. 13, p.5).  Moreover, the ALJ failed to proffer any questions to the VE about her admitted limitations in concentration, persistence, and pace.  Id.  (citing Tr. 903).

Plaintiff further asserts that the error here "is particularly harmful given that the only hypothetical posed to the vocational expert which related to an individual being unable to stay on task resulted in employment being precluded," and that the ALJ did not explain why this hypothetical was not adopted.  Id. (citing Tr. 904).  In addition, Plaintiff states that "[s]ignificantly, as Plaintiff pointed out in her first brief, the ALJ committed this error in his first decision (Tr. 1021) which was then vacated by this Court."[5]

In short, Plaintiff asserts that the ALJ failed to include proper limitations in the RFC, or to explain why they were not included.  (Document No. 13, pp.5) (citing Reinhardt v. Colvin, No. 3:14-cv-488-MOC, 2015 WL 1756480, at *3 (W.D.N.C. Apr. 17, 2015)).  Plaintiff concludes that the ALJ's failure to account for her limitations in concentration, persistence and pace violate a duty imposed by relevant caselaw, including Mascio, and therefore, this case should be remanded to address this error.  (Document No. 13).

Defendant's "Memorandum In Support…" contends that the ALJ decision does not violate Mascio.  (Document No. 15, pp.5-7).  Defendant first argues:

> the court found in *Linares v. Colvin* that the ALJ accounted for the claimant's difficulties in concentration and persistence by restricting her to a stable work environment with only occasional public contact.   No. 5:14-CV-00120-GCM, 2015 WL 4389533, at *4

---

[5]  Although Plaintiff correctly states that this error was identified in her first brief, she offers no explanation for why this error was not more explicitly described in the parties' "Consent Motion For Reversal And Remand ..." (Tr. 937-938), or why her counsel did not raise this issue at either hearing.  See (Tr. 903-905) (Counsel for Plaintiff declined to ask *any* questions of VE, even though there was no discussion of Plaintiff's alleged difficulty staying on task); see also (Tr. 126-127).  Knowing the history of this case and the prior alleged errors, Plaintiff's counsel may have avoided additional delay and expense incurred by all parties by raising Plaintiff's alleged limitations with the VE.

(W.D.N.C. July 17, 2015). Thus, the court reasoned that contact with others (or lack thereof) is a factor that may influence an individual's ability to concentrate or persist. Here, the ALJ included limitations in this vein: Plaintiff could have no contact with the public, had to work with things rather than people, and could have no more than occasional contact with coworkers and supervisors (*see* Tr. 864). These limitations reasonably account for Plaintiff's CPP difficulties.

(Document No. 15, p.6). Defendant also argues that the ALJ explained why additional limitations are not warranted, and that the ALJ's findings are "generally consistent with, or more restrictive than, the opinions of the State-agency psychological consultant and the consultative psychologist." Id.

In response, Plaintiff contends that Defendant's argument that the ALJ adequately addressed Plaintiff's moderate limitations with concentration, persistence, and pace ("CPP") by restricting her to work which involved no contact with the public and limited contact with coworkers and supervisors – fails for several reasons. (Document No. 16, p.1) (citing Tr. 864).

First, Plaintiff notes that the Linares case relied upon by Defendant involved an RFC that included a limitation to a stable, **non-production pace** work setting which was geared toward addressing Stephanie Linares' limitations with CPP. Id. (citing Linares v. Colvin, 5:14-CV-120-GCM, 2015 WL 4389533, at *4 (W.D.N.C. July 17, 2015) (emphasis added). Secondly, Plaintiff contends that Linares "expresses the minority opinion in the Fourth Circuit post-Mascio because most courts have required the ALJ to articulate how the moderate CPP limitations informed the RFC with a logical bridge between the two." (Document No. 16, pp.1-2) (citing Scruggs v. Colvin, 3:14-CV-466-MOC, 2015 WL 2250890, at *5 (W.D.N.C. May 13, 2015); Hagerdorn v. Colvin, 2:12-CV-29-RLV, 2015 WL 4410288, at *4 (W.D.N.C. July 20, 2015); Raynor v. Colvin, 2015 WL 1548996, at *2 (E.D.N.C. Apr. 7, 2015); and Salmon v Colvin, 2015 WL 1526020, at *3 (M.D.N.C. Apr. 2, 2015)

Plaintiff further notes that the Fourth Circuit explained in <u>Mascio</u>: "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." (Document No. 16, p.2) (quoting <u>Mascio</u>, 780 F.3d at 638.

The undersigned finds Plaintiff's arguments in her Memorandum and Response to be persuasive. (Document Nos. 13 and 15). While Defendant may ultimately be correct that Plaintiff can perform work in the national economy, the undersigned is persuaded that the ALJ's opinion is deficient based on the Fourth Circuit's decision in <u>Mascio v. Colvin</u>.

In addition, the undersigned finds Defendant's reliance on <u>Linares v. Colvin</u> to be misplaced here. (Document No. 15, p.6). Defendant states the ALJ in <u>Linares</u> "accounted for the claimant's difficulties in concentration and persistence by restricting her to a stable work environment with only occasional public contact." <u>Id.</u> (citing <u>Linares</u>, 2015 WL 4389533, at \*4). However, Defendant's citation is incomplete, and misleading.

As this Court observed, "the ALJ did not merely limit Plaintiff to simple, repetitive, routine work; his RFC finding restricted her to "simple, repetitive, routine tasks in a *stable work environment* at a *nonproduction pace* with *only occasional public contact.*" <u>Linares</u>, 2015 WL 4389533, at \*4. Defendant appears to ignore the fact that the ALJ in <u>Linares</u>, based on Ms. Linares' limitations with CPP, also limited her to **a nonproduction pace**. In this case, the ALJ has not included such a restriction for Ms. Shook. <u>See</u> (Tr. 864). This is a critical distinction, as this Court has held that addressing pace in such a way satisfies <u>Mascio</u>. <u>See</u> <u>Jarek v. Colvin</u>, 3:14-CV-620-FDW-DSC, 2015 WL 10097516, at \*5 (W.D.N.C Sept. 4, 2015) <u>adopted by</u> 2016 WL 626566 (W.D.N.C. Feb. 16, 2016) <u>aff'd by</u> 2017 WL 129024 (4th Circuit Jan. 13, 2017). In <u>Jarek</u>, this Court found that "the RFC limitation to simple, routine, repetitive tasks not at an assembly line

pace" adequately addressed Mr. Jarek's "moderate limitation in his ability to maintain concentration, persistence or pace." Jarek, 2015 WL 10097516, at *5 (citing Mascio, 780 F.3d at 638). A prior decision by the undersigned is also instructive here:

> In Burnham, Chief Judge Whitney went on to note that this Court "has affirmed, post-Mascio, the decisions of ALJs that limited plaintiff[s] to simple, routine, repetitive tasks at a 'nonproduction pace.'" Id. (citing Linares v. Colvin, 5:14cv120-GCM, 2015 WL 4389533, at *4 (W.D.N.C. July 17, 2015)). See also Harrison v. Colvin, 5:15cv108-MOC, 2016 WL 3679294, at *6 (W.D.N.C. July 11, 2016) ("The majority of district courts in North Carolina, including this court, have repeatedly found in the wake of Mascio that RFC restrictions to 'simple, routine, repetitive tasks do not adequately account for Plaintiff's limitations in concentration, persistence, and pace without sufficient accompanying analysis") (citations omitted); Ford v. Colvin, 2015 WL 5008962, at *3 (E.D.N.C. Aug. 19, 2015) ("the ALJ [adequately] accounted for Ford's pace through the "low production occupation' limitation"); and Jarek v. Colvin, 3:14cv620-FDW-DSC, 2015 WL 10097516, at *5 (W.D.N.C. Sept. 4, 2015) aff'd by 2016 WL 626566 (W.D.N.C. Feb. 16, 2016) (moderate difficulty with pace adequately addressed by ALJ "limitation to simple, routine, repetitive tasks *not at an assembly line pace*").

> Here, neither Dr. Marcus, the VE, nor the ALJ, seem to have directly addressed what, if any, limitations in pace should be applied to Plaintiff. Without more explanation from the ALJ, it is unclear whether Plaintiff's moderate difficulties with pace mean he should be restricted to work at a nonproduction pace. To the extent the ALJ has attempted to address Plaintiff's difficulties by limiting him to short and simple instructions or tasks, his decision is inadequate. See Mascio, 780 F.3d at 638.

Parham v. Colvin, 1:15-CV-063-GCM-DCK, 2016 WL 4523475, at *5 (W.D.N.C Aug. 8, 2016) adopted by 2016 WL 4515934 (W.D.N.C. Aug. 29, 2016). See also, White v. Colvin, 1:14-CV-161-RLV, 2016 WL 1600313, at * 6 (W.D.N.C. Apr. 21, 2016); and Kidd v. Colvin, 1:15-CV-208-GCM-DCK, 2017 WL 443469 (W.D.N.C. Jan. 10, 2017) adopted by 2017 WL 442898 (W.D.N.C. Feb. 1, 2017).

Based on the foregoing, the undersigned finds Plaintiff's first assignment of error to be sufficient cause for remand.

**B**. **2015 Remand Order**

In her second assignment of error, Plaintiff asserts that the ALJ "also erred by failing to comply with this Court's remand order from July of 2015 where he was directed to 'further evaluate the medical opinions of record' in addition to addressing several other deficiencies from his first decision." (Document No. 13, p.5) (citing Tr. 938). Notably, "Defendant agrees with Plaintiff (*see* Pl. Br. 5-6) that the ALJ's invocation of AR 00-1(4) constitutes error . . ." (Document No. 15, p.8). However, Defendant contends "this error is harmless." Id.

Because the undersigned has already determined there is good cause to remand, the Court will decline to address whether or not Plaintiff's second assignment of error is harmless. Instead, an ALJ on remand should properly re-evaluate the medical opinions as previously directed by this Court and the Appeals Council.

## IV.    CONCLUSION

The undersigned is not persuaded that substantial evidence supports the ALJ's decision and that the ALJ applied the correct legal standards. As such, this matter will be remanded. On remand, an ALJ shall give proper consideration to the previous directives of this Court and the Appeals Council regarding review of this case; the ALJ shall confirm Plaintiff's alleged disability onset date; and the ALJ shall ensure that any RFC appropriately addresses limitations in concentration, persistence and/or pace, pursuant to Mascio. See (Tr. 267, 937-938, 942-947).

**IT IS, THEREFORE, ORDERED** that: Plaintiff's "Motion For Summary Judgment" (Document No. 12) is **DENIED**; "Defendant's Motion For Summary Judgment" (Document No.

14) is **DENIED**; and the Commissioner's determination is **VACATED** and this matter is **REMANDED** for further consideration, as directed herein.

      **IT IS FURTHER ORDERED** that to the extent Plaintiff's "Complaint" (Document No. 1) seeks costs and attorney fees, that request is **DENIED WITHOUT PREJUDICE**. Plaintiff may file an appropriate motion seeking such relief; however, any motion for costs and fees should address Plaintiff's apparent failure to fully address her alleged errors upon remand with the Commissioner and the ALJ.

      **SO ORDERED**.

Signed: March 1, 2017

David C. Keesler
United States Magistrate Judge